UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Noreen Torres, | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:05CV1692 (JCH) |
| | : | |
| v. | : | |
| | : | |
| POSTMASTER GENERAL et. al., | : | MAY 25, 2006 |
|     Defendants | : | |

**RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. No. 9]**

**I.     INTRODUCTION**

The plaintiff, Noreen Torres, proceeding pro se, asserts various claims concerning her treatment by supervisors at the United States Postal Service.  See Am. Compl. [Doc. No. 7].  She names the following defendants:  John E. Potter, Postmaster General of the United States Postal Service; a number of individuals whom she identifies as her supervisors at the Postal Service; and the United States Postal Service itself.  Id.  The defendants move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They argue that Torres has failed to state a claim upon which relief may be granted pursuant to Title VII of the United States Code, 42 U.S.C. § 2000e et. seq.

**II.    STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  Thus, such a motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355

U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Id. (quotation omitted).  "[W]hile bald assertions and conclusions of law will not suffice to state a claim, the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  Tarshis v. Riese Org., 211 F.3d 30 (2d Cir. 2000) (internal citations omitted); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).  The pleading requirements in discrimination cases are very lenient.  Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003).  In considering a motion to dismiss a complaint filed by a pro se plaintiff, the court "must construe pro se pleadings broadly, and interpret them 'to raise the strongest arguments they suggest.'"  Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### III.   DISCUSSION

The defendants argue that Torres's claim is not timely because she did not file her initial Complaint in the present action within 90 days from the date she received notice of the denial of her claim before the Equal Employment Opportunities Commission (EEOC).  This argument is appropriately considered on a Rule 12(b)(6) motion.  See Darling v. Potter, No. 3:04CV1467 (PCD), 2005 WL 2045951, at *3

(D.Conn. Aug. 25, 2005); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," but more akin to a statute of limitations); Holowecki v. Fed. Express Corp., 440 F.3d 558, 565 (2d Cir. 2006) (considering exhaustion in an ADEA case on a Rule 12(b)(6) motion); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (internal citations omitted) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.").

The defendants urge the court to consider an affidavit by the regional manager of the Postal Service's EEO Compliance and Appeals, as well as documentation of Torres's complaints to the Postal Service EEO office and the EEOC.[1]  However, the court finds that the Title VII claims in the Complaint fail to state a claim upon which relief may be granted even if the court does not consider these documents.  The Amended Complaint itself makes no reference to any complaint Torres filed with the Postal Service EEO or EEOC as a result of the incidents that form the basis for the Amended Complaint, nor to whether the original civil Complaint was timely.  The Amended Complaint, even when construed as liberally as possible, does not satisfy the requirement that it "aver generally that all conditions precedent have been performed or have occurred,"  Fed.R.Civ.P. 9(c); see Hill v. Citibank Corp., 312 F.Supp.2d 464, 473

---

[1] These documents include Torres's complaint to the Postal Service's Equal Employment Opportunity (EEO) office; the notice of dismissal of this complaint by the Postal Service; Torres's appeal to the EEOC; the EEOC decision affirming the Postal Service's decision; Torres's Request for Reconsideration of the EEOC decision; and the EEOC's decision denying the Request for Reconsideration, along with certificate of mailing.

(S.D.N.Y. 2004) (citing Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982); see also Francis, 235 F.3d at 768 (holding that failure to exhaust administrative remedies is a "precondition to bringing a Title VII claim in federal court") (citing, among other cases, Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983) ("[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements.") (parenthetical in Francis)).

The court grants the defendants' motion to dismiss all Title VII claims asserted in the Complaint. Torres's Amended Complaint [Doc. No. 7], construed liberally, also appears to assert other claims for relief, including several pursuant to the Federal Tort Claims Act. See Am. Compl [Doc. No. 7]. Therefore, the court treats this motion as a partial motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' partial motion to dismiss [**Doc. No. 9**]. The court grants the plaintiff leave to replead her Title VII cause of action by June 25, 2006, if she can allege satisfaction of the condition precedent of filing her original Complaint within 90 days of receipt of the EEOC denial her request for reconsideration.[2]

---

[2] Because Torres moved to proceed in forma pauperis on October 25, 2005, and because Magistrate Judge Smith did not grant her motion to proceed in forma pauperis until November 2, 2005, the November 2 filing date stamped on the Complaint does not necessarily reflect the day on which it was actually submitted to the clerk's office. The Complaint was timely if Torres submitted it to the clerk's office within 90 days of Torres's receipt of the EEOC letter denying her motion for reconsideration.   See Toliver v. Cty. of Sullivan, 841 F.2d 41 (2d Cir. 1988).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge